# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

THE SHORES CONDOMINIUM
ASSOCIATION, INC.,

        Plaintiff,               Case No.: _____

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

        Defendant.
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, THE SHORES CONDOMINIUM ASSOCIATION, INC., (hereinafter "The Shores ", "The Association" or "Plaintiff") by and through undersigned counsel, and hereby sues HARTFORD INSURANCE COMPANY OF THE MIDWEST ("HARTFORD", "The Insurance Company" or "Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action that exceeds Seventy-Five Thousand Dollars and 0/100 ($75,000.00), exclusive of interest, costs and attorney's fees.

2. The Shores is a Florida condominium association duly organized under Chapter 718 of the Florida Statutes, for the residential premises located at 2401 Gulf

Shore Blvd N, Naples, Collier County, Florida 34103 ("the Insured Location" or "the Properties").

3. The Insurance Company is a foreign corporation incorporated in Indiana, qualified to do business in Florida and has, at all times material hereto, been conducting business in Collier County, Florida.

4. Venue is proper in the Middle District based on 28 USC §1331; 28 U.S.C. §1332; and 42 U.S.C. §4072.

5. All conditions precedent to the filing of this lawsuit have been waived or have been performed.

## GENERAL ALLEGATIONS

6. At all times material hereto, in consideration of a premium paid by the Plaintiff, there were in full force and effect eight individual policies of NFIP flood insurance issued by the Insurance Company and providing coverage for the Insured Location, as follows:

```
A) Policy No. 87057517632020
B) Policy No. 87057517522020
C) Policy No. 87057517432020
D) Policy No. 87057517422020
E) Policy No. 990053588192019
F) Policy No. 87043463202019
G) Policy No. 870434632222019
H) Policy No. 87043473362019
```

Copies of the Declarations pages for the subject Policies are hereby attached as Composite Exhibit "**A**."

7. Under the terms and conditions of the subject Policies, the Insurance Company agreed to provide insurance coverage to the Insureds' property against certain losses. The damaged property at issue is comprised of eight individual structures or buildings, located at 2401 Gulf Shore Blvd N, Naples, Collier County, Florida 34103("the Insured Location" or "the Properties").

8. Hartford issued individual flood policies for each of the member buildings and structures that comprise the Plaintiff's premises.

9. On or about September 28, 2022, while each of the individual Policies were in full force and effect, the Properties sustained covered losses as a result of flood damages resulting from Hurricane Ian (collectively "the Loss").

10. Upon information and belief, the Insurance Company assigned Torrent Corp. to serve as claims administrator, and Colonial Claims Corporation ("Colonial Claims") to act as the claims adjuster(s) for the subject claims.

11. After receipt of the notice of loss for the claims, the Insurance Company assigned individual claims under each of the subject flood policies issued (hereinafter, "the Subject Claims"), as follows:

| Claim | Hartford Policy # |
|---|---|
| 381962 | 870434632222019 |
| 381990 | 87057517632020 |
| 381991 | 87057517522020 |
| 381958 | 87057517432020 |

381992    87057517422020

381959    990053588192019

381960    87043463202019

381961    87043473362019

12. The Insurance Company assigned adjuster Angela Banks and Colonial Claims to investigate the premises.

13. Colonial Claims performed its inspection of the property, including inspection of the individual buildings and structures, that had been damaged as a result of Hurricane Ian.

14. On December 23, 2022, the Insurance Company issued the first payment on any of the subject claims, for Claim No. 381990. There was no correspondence or letter explaining coverage included with this payment.

15. The Insurance Company issued subsequent payments, on December 26, 2022, under Claims Nos. 38991 and 381992, again, without including any correspondence or explanation for the payments.

16. On January 6, 2023, the Insurance Company issued a payment for Claim No. 381960, again without issuing any correspondence or explanation of coverage.

17. On January 10, 2023, the Insurance Company issued another payment, under Claim 381961, which included correspondence explaining the basis for

coverage, and which constituted a partial denial of that claim. A copy of the subject correspondence and enclosure is attached as Exhibit "**B.**"

18. Subsequently, the Insurance Company issued payments for Claims 381962 and 381960, again without any correspondence or explanation of coverage.

19. To date, the only correspondence provided by the Insurance Company explaining its coverage position and determination for the scope and amounts of damages paid is the January 10, 2023 correspondence, referencing Claim 381961.

20. Upon information and belief, no other correspondence has been issued by the Insurance Company to Plaintiff regarding coverage for the other policies and claims.

21. Accordingly, it is presumed for the purposes of this action that the sole correspondence issued, dated January 10, 2023, reflects the Insurance Company's coverage evaluation and position with regard to each of the Subject Claims, as no other information has ever been provided to the Plaintiff.

22. During the pendency of the Subject Claims, the Plaintiff has been required to conduct remediation, both to common areas and for individual properties, as well as to conduct repairs to prevent further damages, and has therefore incurred costs.

23. The Plaintiff also retained a qualified professional to perform an accurate assessment of the scope and costs of the full damages to the property, Complete Construction, Inc. ("Team Complete").

24. Team Complete performed an intensive review of the damages resulting from Hurricane Ian, and prepared detailed estimates and evaluations of the costs to fully repair the damages.

25. Team Complete also met with Colonial Claims, the adjuster for the Insurance Company, several times, to discuss the various individual properties and items missing from the original estimates prepared by Colonial Claims and which were not reflected in the partial payments issued by the Insurance Company.

26. On September 1, 2023, The Shores submitted its fully and properly executed Proofs of Loss for each of the individual claims, with the appropriate supporting estimates and documents, to Colonial Claims and Torrent, as adjuster and claim administrators for the Insurance Company. See Composite Exhibit "**C**."

27. There was no response to the Sworn Proofs of Loss.

28. The Shores, by and through its counsel, made several written requests for acknowledgment of the sworn executed Proofs of Loss, and for a payment of the amounts owed, offering to discuss any questions regarding any specific areas or items.

29. The Shores also made several requests for copies of any correspondence reflecting the Insurance Company's position regarding coverage as to each of the individual claims and policies.

30. There was no response from the Insurance Company or its adjusters or agents.

31. On October 13, 2023, after several requests, Colonial Claims finally acknowledged that the sworn Proofs of Loss submitted on September 1, 2023 had been received by the carrier, although Colonial Claims failed or refused to confirm the date these were submitted.

32. As of the date of the filing of this lawsuit, the Insurance Company has failed to: (i) acknowledge that payment would be forthcoming; and/or (ii) make any supplemental payment of insurance proceeds to the Shores; and/or (iii) respond to the sworn Proofs of Loss. As a result of the foregoing, the Insurance Company has breached the Policies.

33. The Shores have been obligated to retain the undersigned attorneys for the prosecution of this action and are entitled to a reasonable attorney's fee pursuant to the Florida Statute Section 627.428.

## COUNT I – BREACH OF CONTRACT

34. The Shores re-incorporates paragraphs 1-33 of its Complaint as if fully set forth herein.

35. The Shores and the Insurance Company entered into written contracts for insurance coverage for the subject Property; to wit, the Policies, wherein The Shores agreed to pay a premium and the Insurance Company agreed to the insure The Shores' properties.

36. The Shores have fully paid all premiums due and owing under the subject Policies, and otherwise fully satisfied and performed their obligations under those policies.

37. Furthermore, at all times material hereto, The Shores has satisfied all post-loss obligations to the bets of their abilities in accordance with the subject Policies.

38. The Shores' properties sustained covered flood damages as a result of Hurricane Ian, for which the Insurance Company agreed to provide coverage under the subject Policies.

39. To date, the Insurance Company has failed to: (i) acknowledge communications from The Shores regarding the scope and amount of damages; (ii) failed to properly afford sufficient coverage under the subject Policies for the loss(es) in question; (iii) to acknowledge that additional amounts are due and owing under the Policies after being presented with The Shores' detailed proofs of loss and estimates; (iv) to issue all necessary supplemental payments under the subject Policies.

40. As a direct and proximate result of the Insurance Company's breach of the Policies, The Shores has sustained damages.

**WHEREFORE,** The Shores respectfully requests this Court enter judgment against the Insurance Company for damages resulting from the breach, plus interest, and all further and other relief this Court deems just and equitable under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

The undersigned certified that a copy of the foregoing has been served via the Court's CM/ECF system this 14th day of December, 2023.

**BOYLE, LEONARD & ANDERSON, P.A.**

*/s/ Gregory L. Evans*
Gregory L. Evans, Esquire
Florida Bar No.: 0767824
Kendra F. Shaw, Esquire
Florida Bar No.:0759031
9111 W. College Pointe Drive
Fort Myers, FL 33919
Phone: 239.337.1303
Facsimile: 239.337.7674
eservice@insurance-counsel.com
gevans@insurance-counsel.com
kshaw@insurance-counsel.com